**G & E BUSINESS SERVICES, INC., a Georgia Corporation, d/b/a Chesire Cat Bookstore and Executive Bookmart; Verifact Business Systems, Inc., d/b/a Union Station Book Store,**

v.

**Hinson McAULIFFE, Solicitor General of Fulton County; Leonard Rhodes, Assistant Solicitor General of Fulton County; Robert Aberle, Investigator for the Solicitor General of Fulton County; and J. D. Woodard, Detective for the Atlanta Police Department.**

**Civ. A. No. C79–1812A.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 21, 1979.

Charles W. Boyle, Jr., and Robert Eugene Smith, Atlanta, Ga., Stephen M. Taylor, Southfield, Mich., for plaintiff.

Charles R. Hadaway, Asst. Dist. Atty., Atlanta, Ga., for defendants.

## ORDER

TIDWELL, District Judge.

Defendants, in their various capacities as law enforcement officials, have seized cer-

tain coin-operated movie projectors in connection with search warrants authorizing the seizure of allegedly obscene films. Plaintiffs, who are the owners of the establishments wherein such seizures took place, have sought to enjoin further seizures of projectors, claiming that the actions taken by Defendants in this regard are illegal and constitute a system of prior restraint repugnant to the First, Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs also seek the return of the projection equipment held by Defendants, as well as attorney's fees and damages.

Defendants have moved that this Court abstain and dismiss the case pursuant to *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), inasmuch as criminal indictments are presently pending charging Plaintiffs with distributing obscene material in violation of *Ga.Code Ann.* § 26–2101. The indictments are based upon the seizures which are the subject of Plaintiffs' complaint.

*Hicks v. Miranda* is an application of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which bars federal interference with state prosecutions in the absence of extraordinary circumstances, such as official harassment and bad faith. In *Hicks*, which involved multiple seizures of an allegedly obscene film, the plaintiffs sued in federal court for an injunction prohibiting state enforcement of the California obscenity statute, a judgment declaring that statute to be unconstitutional, and an order requiring that the seized copies of the film be returned. At the time that the federal action was initiated, the film in question had been declared obscene by the California Superior Court; shortly thereafter, criminal proceedings were instituted, based upon this finding of obscenity. The District Court found the state obscenity statute to be unconstitutional and ordered the return of three of the four seized prints of the film. The United States Supreme Court reversed the decision and held that the case should have been dismissed in accordance with *Younger v. Harris, supra,* since "[r]eturn of the copies would prohibit

their use as evidence and would, furthermore, prevent their retention and probable destruction as contraband should the State prevail in the criminal case. Plainly, the order interfered with the pending criminal prosecution and with the enforcement of a state obscenity statute." 422 U.S. at 347, 95 S.Ct. at 2291.

This Court finds that the circumstances of the present case are distinguishable from those in *Hicks.* To date, the films seized have not been declared obscene by any Georgia court, and Plaintiffs have not challenged the constitutionality of the Georgia obscenity statutes, *Ga.Code Ann.* § 26–2101 *et seq.* Most importantly, the Court has the ability to tailor any injunctive relief, if granted, so as to enjoin only future seizures of projectors, which will not interfere with any pending state criminal prosecutions. *See Universal Amusement Co., Inc. v. Vance*, 559 F.2d 1286, 1296 (5th Cir. 1977), *aff'd per curiam*, 587 F.2d 176 (5th Cir. 1978) (*en banc*), *cert. denied*, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 295 (1979). Accordingly, Defendants' Motion to Abstain and Dismiss is hereby overruled and denied.

Plaintiffs have filed a Motion for Leave to File Amended Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In addition, Defendants have not opposed this Motion. Accordingly, Plaintiffs' Motion for Leave to File Amended Complaint is hereby granted and sustained.

Plaintiffs have also filed a Motion to Add Parties Defendant, naming as additional parties George Napper, in his official capacity as Chief of Police for the City of Atlanta, and Lewis Slaton, in his official capacity as District Attorney of Fulton County. Since no briefs in opposition to this Motion have been submitted, and the above-named Defendants have apparently already filed answers to the amended complaint, Plaintiffs' Motion to Add Parties Defendant is hereby granted and sustained.